UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Shawn T. Short Sr | ) | CASE NO. 21-13546 |
| | ) | |
| Debtor(s) | ) | JUDGE Arthur I Harris |
| | ) | |
| | ) | **MOTION OF FORD MOTOR CREDIT** |
| | ) | **COMPANY LLC FOR RELIEF FROM** |
| | ) | **STAY AND ABANDONMENT** |
| | ) | |
| | ) | PROPERTY: |
| | ) | ** 2014 Ford Fusion |
| | ) |     VIN: 3FA6P0H77ER112735 |

FORD MOTOR CREDIT COMPANY LLC (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 and for abandonment of property Under Bankruptcy Code § 554.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On January 27, 2015 the Debtor(s) Shawn T. Short Sr obtained a loan from Liberty Ford, Inc. in the amount of $23,460.94. Such loan was evidenced by a promissory note and Security Agreement dated January 27, 2015, (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor(s) Shawn T. Short Sr executed a Security Agreement in favor of Liberty Ford, Inc. dated January 27, 2015 (the "Security Agreement"). The Security Agreement granted a lien on the

personal property, 2014 Ford Fusion VIN: 3FA6P0H77ER112735 (the "Collateral"), owned by the Debtor(s), Shawn T. Short Sr. The Collateral is more fully described in the Security Agreement (check one):

- ☐ attached as Exhibit B;

    OR

- ☒ contained in the Note, attached as Exhibit A

4. The lien created by the Security Agreement was duly perfected by:

- ☐ Filing of the Security Agreement in the office of the _ County Recorder on:
- ☐ Filing of the UCC-1 Financing Statement in the office of ___ on (DATE).
- ☒ Notation of the lien on the Certificate of Title.
- ☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on the Certificate of Title, the lien is the 1st lien on the Collateral. **The use of electronic titles is authorized in Ohio pursuant to Revised Code Section 4505.021.**

5. The entity in possession of the original Note as of the date of this motion is FORD MOTOR CREDIT COMPANY LLC.

6. The entity servicing the loan is: N/A.

7. The Note was transferred as evidenced by the following:

    a. If the Collateral is real estate:

    i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

    - ☐ N/A.

        OR

    - ☐ By endorsement on the Note payable to _____.

            OR

☐   By blank endorsement on the Note.

            OR

☐   By allonge attached on the Note payable to ___.

            OR

☐   By blank allonge, attached to Note.

            OR

☐   The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

            OR

☐   By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit. Explain why it provides Movant the authority to endorse the Note:

    ii.    Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the __ to ____.

    iii.    A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the ___. A copy of the judgment is attached at Exhibit _.

    iv.    Other_____ [explain].

  b.    If the Collateral is not real estate (check one):

☐   N/A.

            OR

☒   **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Liberty Ford, Inc. to FORD MOTOR CREDIT COMPANY LLC**.

8.    The Security Agreement was transferred as follows (check one):

☐   N/A.

            OR

☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Liberty Ford, Inc. to FORD MOTOR CREDIT COMPANY LLC.**

9. The value of the Collateral is $12,350.00. This valuation is based on N.A.D.A.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $8,544.06, plus interest accruing thereon at the rate of 8.00% per annum from October 13, 2021, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☒ N/A.

☐ The (COUNTY) Treasurer, for real estate taxes, in the amount of $(AMOUNT)

☐ (CO-OWNERS, IF APPLCABLE)

☐ (ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ (ADD ADDITIONAL PARTIES AS APPROPRIATE))

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

☒ Debtor(s) has/have failed to provide adequate protection for the lien held by the Movant for these reasons: The Debtor(s) has/have failed to tender periodic payments to Movant.

☐ Debtor(s) has/have failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor(s) has/have failed to keep current the real estate taxes owed on the Collateral.

☒ Debtor(s) has/have failed to make periodic payments to Movant for the month of October and November 2021, which unpaid payments are in the aggregate amount of $479.14 through December 13, 2021. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation.

☐ Debtor(s) has/have no equity in the Collateral, because the Collateral is valued at $_____ N.A.D.A., and including the Movant's lien, there are liens in an aggregate amount of $_____ on the Collateral.

☒ Other cause (set forth with specificity): **The Debtor intends to surrender the vehicle to Movant.**

14. Movant has completed the worksheet, attached as Exhibit C.

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because:

☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

16. **Movant further requests that notwithstanding the provisions of 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, that the relief from stay not be stayed for the 14 days, but shall become effective immediately.**

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable non-bankruptcy law.

(b) Authorizing and Directing the Chapter 7 Trustee to Abandon the Collateral under Bankruptcy Code § 554.

Respectfully submitted,

/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Assoc. Co., L.P.A
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com

# CERTIFICATE OF SERVICE

I certify that on December 13, 2021, a true and correct copy of the Motion for Relief from Stay and Abandonment was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

1. Office of the U.S. Trustee at (registered address)@usdoj.gov

2. Waldemar J. Wojcik on behalf of the Chapter 7 Trustee's office at wwojcik@wojciklpa.com

3. Aaron T. Kimbrell on behalf of Shawn T. Short Sr, Debtor(s), at akimbrell@fairmaxlaw.com

And by regular U.S. mail, postage prepaid, to:

Shawn T. Short Sr
17620 Invermere Ave
Cleveland, OH 44128


/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Assoc. Co., L.P.A
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com